RECORD NUMBER: 14-4461

# United States Court of Appeals
## *for the*
# Fourth Circuit

---

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**BILLY JOHN MILLS, JR.,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT SPARTANBURG

# OPENING BRIEF OF APPELLANT

JONATHAN M. MILLING
MILLING LAW FIRM, LLC
1614 Taylor Street, Suite C
Columbia, South Carolina 29201
T: (803) 451-7700
F: (803) 451-7701
jmm@millinglaw.net

*Counsel for Appellant*

# <u>TABLE OF CONTENTS</u>

TABLES OF AUTHORITIES .................................................................. ii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION ..........................................................................1

ISSUES PRESENTED FOR REVIEW ......................................................2

STATEMENT OF THE CASE ...................................................................3

STATEMENT OF THE FACTS .................................................................5

SUMMARY OF THE ARGUMENTS ....................................................10

ARGUMENT............................................................................................11

      STANDARD OF REVIEW (ARGUMENT I) ..................................11

          I.    MILLS' GUILTY PLEA WAS VALID UNDER
                RULE 11 OF THE FEDERAL RULES OF
                CRIMINAL PROCEDURE. ..........................................11

      STANDARD OF REVIEW (ARGUMENT II) ................................14

          II.   MILLS CANNOT DEMONSTRATE THAT THE
                DISTRICT COURT ABUSED ITS DISCRETION
                AND IMPOSED AN IMPROPER SENTENCE. ......... 15

                A. 18 U.S.C. § 3742.....................................................15

                B.  "Reasonableness" ...................................................16

CONCLUSION ........................................................................................17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLES OF AUTHORITIES

**Cases**

*Anders v. California,*
    386 U.S. 738 (1967)...............................................................4, 14, 17

*Freeman v. United States,*
    131 S.Ct. 2685 (2011) ........................................................16

*Gall v. United States,*
    552 U.S. 38 (2007)..........................................................14, 16

*Kimbrough v. United States,*
    552 U.S. 111 (2007)...........................................................16

*United States v. Brown,*
    653 F.3d 337 (4th Cir. 2011) ...............................................15

*United States v. Carter,*
    564 F.3d 325 (4th Cir. 2009) ...............................................17

*United States v. Good,*
    25 F.3d 218 (4th Cir. 1994)..................................................11

*United States v. Littlefield,*
    105 F.3d 527 (9th Cir. 1997) ...............................................14

*United States v. Lynn,*
    592 F.3d 572 (4th Cir. 2010) ...............................................17

*United States v. Martinez,*
    277 F.3d 517 (4th Cir. 2002) ...............................................11

*United States v. Mendoza-Mendoza,*
    597 F.3d 212 (4th Cir. 2010) ...........................................16, 17

*United States v. Olano,*
    597 U. S. 725 (1993).........................................................11

*United States v. Powell,*
    347 Fed. Appx 963 (4th Cir. 2009) ............................................ 14, 15

*United States v. Sanchez,*
    146 F.3d 796 (10th Cir. 1998) ........................................................... 14

## Rules, Statutes and Other Authorities

18 U.S.C. § 1343 ..................................................................................... 1, 3

18 U.S.C. § 1349 ..................................................................................... 1, 3

18 U.S.C. § 3553(a) ............................................................................ 8, 16, 17

18 U.S.C. § 3742 ........................................................................................ 15

18 U.S.C. § 3742(c) ............................................................................... 14, 15

28 U.S.C. § 1291 .......................................................................................... 1

Fed.R.Crim.P. 11 ...................................................................... 10, 11, 13, 14

Fed.R.Crim.P. 11(b)(1) ............................................................................... 13

Fed.R.Crim.P. 11(b)(2) ............................................................................... 13

Fed.R.Crim.P. 11(b)(3) ............................................................................... 13

Fed.R.Crim.P. 11(c)(1)(C) .................................................................... passim

USSG § 3B1.1(a) ........................................................................................... 9

## <u>STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION</u>

This is an appeal from a final judgment of the United States District Court, District of South Carolina, for a criminal prosecution pursuant to 18 U.S.C. §§ 1349 and 1343.   A guilty plea was entered by Appellant Billy John Mills, Jr. on January 22, 2014, to all counts of the Superseding Indictment without a written Plea Agreement, but with a stipulated sentence of one year and one day pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which was accepted by the Court.   The Sentencing Hearing was held on May 21, 2014, and the negotiated Sentence verbally imposed on that date.   Judgment was entered thereafter May 27, 2014.   Appellant filed a Notice of Appeal on June 9, 2014.   This appeal follows.

Jurisdiction in the Court of Appeals is authorized pursuant to 28 U.S.C. §1291.

1

## ISSUES PRESENTED FOR REVIEW

I.     WHETHER APPELLANT'S PLEA WAS VALID UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.  THE DISTRICT COURT SATISFIED ALL OF THE REQUIREMENTS OF RULE 11 AND MR. MILLS' PLEA WAS OTHERWISE VALID.

II.     WHETHER THE DISTRICT COURT IMPOSED AN APPROPRIATE SENTENCE.  THE DISTRICT COURT IMPOSED THE NEGOTIATED, CONTRACTUAL SENTENCE WHICH WAS ALSO WITHIN THE ADVISORY GUIDELINE RANGE.  THE SENTENCE WAS PROPER, AND BOTH PROCEDURALLY AND SUBSTANTIVELY REASONABLE.

## STATEMENT OF THE CASE

The Appellant, Billy John Mills, Jr. ("Mills"), was charged as one of ten defendants in a three count Superseding Indictment in the United States District Court for the District of South Carolina, Spartanburg Division, on October 9, 2012 ("Indictment"). The Indictment charges Mills with three counts of conspiracy to commit wire fraud, all arising from the operation of three Suzuki automobile dealerships in the upstate of South Carolina. The first charged conspiracy to commit wire fraud related to fraudulent marketing. The second conspiracy involved fraudulent financing. The third, and final charged conspiracy, concerned false reporting to Suzuki Motor Corporation. All three conspiracies were in violation of 18 United States Code Sections 1349 and 1343.

On January 22, 2014, Mills pled guilty to all counts of the Indictment. While Mills did not have a written Plea Agreement, the parties orally stipulated at the Change of Plea Hearing to a sentence of one year and one day. While specific reference to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure is not made in the Change of Plea Hearing, the colloquy clearly indicates this was the intention of the parties. Mills' plea, and the accompanying stipulated sentence, was accepted by the Court.

A Pre-Sentence Interview was conducted, and thereafter, the United States

Probation Office prepared its Pre-Sentence Report ("PSR") for Mills. The PSR recommended to the Court that the Sentencing Guideline Range for Mills was 8-14 months in custody. The stipulated sentence falls within this advisory Guideline range. No objections were filed to the PSR by either the Government or Mills.

Sentencing was held for Mills on May 21, 2014. As no objections were made to the PSR, the District Court adopted the PSR as written, including the Offense level of 11, and Criminal History Category of I. After hearing from the parties, the Court imposed the negotiated sentence of one year and one day incarceration. Mills did not object to the imposition of this sentence. Judgment was entered on May 27, 2014, and Mills executed his Notice of Appeal thereafter on June 9, 2014.

The questions for review by this Court are whether Mills' plea was valid, and whether the District Court imposed an appropriate sentence. Counsel has reviewed the record and applicable law and has found no legal error, thus, counsel files this brief in compliance with *Anders vs. California*, 386 U.S. 738 (1967).

## Statement of the Facts

The facts, as outlined by the United States Attorneys' Office during Mills' Change of Plea Hearing and in the PSR, all of which were adopted by the Court without objection by Mills, are as follows:

In 1995, codefendant Paul Michael Gibson ("Gibson") began operating automobile dealerships in upstate South Carolina. By 2006, Gibson's dealerships were experiencing financial difficulties. Mills was hired on October 13, 2006, as the General Manager for Joe Gibson Auto World, Inc. ("JGAW"). Upon Mills' hiring, both the advertising budget and sales increased dramatically for JGAW. **See Presentence Report ("PSR"), ¶ 59.**

The advertisements utilized following Mills' hiring were in the form of mailings, local television media, and local print media, and would entice customers into the dealerships with promises of low, or no, monthly payments. Upon arrival at the dealership, the customer would be told by employees that the payments were kept low for the first year through various rebate programs, and that at the end of the first year, the car could be traded in and the deal repeated. **See PSR, ¶ 60.** Such representations were false. Upon returning at the end of the year, customers were told they no longer qualified for the program, and were obligated for significantly higher payments. **See PSR, ¶ 62.** Mills was interviewed by law enforcement on

March 23, 2010, and admitted to the use of the fraudulent advertising outlined herein. **See PSR, ¶ 66.** This conduct formed the basis for the Count One (fraudulent marketing) conspiracy.

The foregoing scheme was perpetuated during the first year by advancing funds to the customer derived from exorbitant car loans, oftentimes 150% of the invoice value. These advanced funds would make up the difference between the low car payment and the actual car payment. **See PSR, ¶¶ 61-62.** Additionally, with regards to the credit applications themselves, employees of JGAW would falsify the wages of the individual applying for credit to finance the vehicles. **See Transcript of Change of Plea Hearing, January 22, 2014 ("COP TR"), p.33, ll. 13-17.** While the Government did not allege that Mills viewed every credit application that was processed, "he was in a position of responsibility and I believe closed his eyes to a lot of things that were going on." **See COP TR, p. 33, ll. 18-23.** This conduct formed the second conspiracy, fraudulent financing.

The third conspiracy, false reporting, involved the falsification of sales. Specifically, at the end of a given month, Mills would falsify sales records to Suzuki so as to receive bonuses and other incentives. **See COP TR, p. 34, ll. 8-23.**

With regards to each Count, Mills conspired with others to perpetuate the fraud, whether the fraud was upon the customers, finance companies, or Suzuki. In

6

each instance, money or property was obtained through false and fraudulent pretenses. Each conspiracy also utilized wire, radio, or television communications across interstate lines to effectuate the fraud.

Following his arrest, and after several continuances, Mills entered a guilty plea to all counts of the Superseding Indictment. During the Change of Plea Hearing on January 22, 2014, Mills' guilty plea was accepted by the Court. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, at the beginning of the Hearing, Mills was placed under oath. **See COP TR, p. 2, ll. 21-22.** During the Hearing, Mills was advised that he had the right to plead not guilty, and that if he did so, there would be a trial in his case, that he would have the right to the assistance of counsel during his trial, the right to confront and cross-examine the Government's witnesses, the right to testify in his own defense, and the right to compel witnesses to appear and testify in his defense. **See COP TR, p. 13, l. 9 through p. 16, l. 10.** Mills was also advised that, by pleading guilty, he waived these rights and there would be no trial. **See COP TR, p. 13, ll. 9-24; p. 15, ll. 22-25.**

Mills was then advised of the allegations of the offense with which he was charged, the elements of that offense, the maximum sentence he was facing, as well as the mandatory special assessment. **See COP TR, p. 17, l. 22 through p. 22, l. 17.** Within these outside sentencing parameters, the Court advised Mills of the

7

customary obligation of the Court to consider the applicable Guideline Range as well as the factors set forth in 18 United States Code Section 3553(a), but because of the agreement reached for a sentence of one year and one day, if the Court accepted his plea, his sentence would be one year and one day. **See COP TR, p. 23, l. 6 through p. 26, l. 20.** While Mills did not have a written plea agreement, as a part of verbal agreement of the parties, Mills waived his appellate rights, and this waiver was discussed by the Court. **See COP TR, p. 41, l. 11 through p. 42, l. 2.**

Also as a part of the Plea colloquy, the Court received a sufficient factual basis for the plea from the Government, to which Mills admitted his conduct and guilt. **See COP TR, p. 30, l. 5 through p. 39, l. 23.** The Court further determined that Mills was not under the influence of any drugs, medications, or alcoholic beverages at the time of the plea, and had never been treated for addiction to alcohol or narcotics. **See COP TR, p. 8, l. 14 through p. 11, l. 1.** Mills also represented that he had not been threatened or forced to plead guilty. **See COP TR, p. 27, ll. 21-23.**

After acceptance of the plea, the United States Probation Office prepared a PSR for Mills' case. **See PSR.** Mills' Base Offense Level was found to be 7, and 2 levels were added because the offense used mass marketing. **See PSR, ¶¶ 95, 96.** An additional 4 levels were added as a leadership enhancement pursuant United

8

States Sentencing Commission Guideline Section 3B1.1(a), which brought the adjusted offense level up to 13. **See PSR, ¶¶ 98, 100.** Mills was awarded a 2 level reduction for acceptance of responsibility resulting in a Total Offense Level of 11. **See PSR, ¶¶ 102, 103.** After reviewing Mills' prior criminal record, or lack thereof, the PSR noted no criminal history points, which corresponds to a criminal history category of I. **See PSR, ¶ 88.** The result is a Guideline Range of imprisonment of 8-14 months. **See PSR, ¶ 121.** These determinations were adopted by the Court at Sentencing without objection. **See Sentencing Transcript ("SenTR"), p. 6, l. 14 through p. 8, l. 16.** After hearing from the parties, the District Court imposed the negotiated sentence of one year and one day. **See SenTR, p. 17, ll. 4-13.** Mills did not object to the imposition of this sentence. Judgment was entered to this effect on May 27, 2014, and Mills filed his Notice of Appeal on June 9, 2014. **See Judgment; Notice of Appeal.**

## <u>SUMMARY OF THE ARGUMENTS</u>

**<u>ARGUMENT I</u>**:Was Mills' plea valid under Rule 11 of the Federal Rules of Criminal Procedure?   Mills' plea was valid.

**<u>ARGUMENT II</u>**:Did the District Court impose an appropriate sentence? The sentence imposed by the District Court, and which was a negotiated term, was proper.

# ARGUMENT

## STANDARD OF REVIEW

### (ARGUMENT I)

The standard of review as to whether the District Court adequately complied with Rule 11 of the Federal Rules of Criminal Procedure is *de novo. United States v. Good*, 25 F.3d 218, 219 (4th Cir. 1994). A variance from the requirements of Rule 11 is harmless error unless it affects the defendant's substantial rights. Rule 11, F.R.Crim.P.   If the defendant did not move to withdraw his guilty plea, his appeal is reviewed for plain error: he must show that (1) there was error; (2) that the error was plain; and (3) that it affected his substantial rights. *United States v. Martinez*, 277 F.3d 517 (4th Cir. 2002); *United States v. Olano*, 597 U. S. 725, 732 (1993).   Mills did not move to withdraw his plea, and as such, his plea should be reviewed for plain error under *Martinez* and *Olano*.

## I.   MILLS' GUILTY PLEA WAS VALID UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Rule 11 of the Federal Rules of Criminal Procedure requires that, before accepting a plea of guilty, the court must place a defendant under oath, and must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the

following:

    A. the Government's right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the defendant gives under oath;

    B. the right to plead not guilty, or having already pleaded, to persist in that plea;

    C. the right to a jury trial;

    D. the right to be represented by counsel and, if necessary, have the court appoint counsel at trial and at every other stage of the proceeding;

    E. the right at trial to confront and cross examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

    F. the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

    G. the nature of each charge to which the defendant is pleading;

    H. any maximum possible penalty, including imprisonment, fine, and terms of supervised release;

    I. any mandatory minimum penalty;

J. any applicable forfeiture;

K. the court's authority to order restitution;

L. the court's obligation to impose a special assessment; the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances; and

M. the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

*See* Fed.R.Crim.P. Rule 11(b)(1).

Rule 11(b)(2) and (3) further requires the court to determine that the plea is voluntary and not the result of force, threats, or promises other than those in a plea agreement; that there is a factual basis for the plea; and that the terms of any plea agreement are disclosed on the record.

The transcripts of Mills' guilty plea, as described in the Statement of Facts above, shows that the District Court complied with Rule 11. The court placed the defendant under oath, advised him of his rights and obtained his waiver on the record. The court further established that the defendant understood the nature of the charges against him and his possible penalties. The requirements of Rule 11 of the Federal Rules of Criminal Procedure were satisfied by the Court during the

13

Change of Plea Hearing.   Further, as the parties negotiated a particular sentence of one year and one day pursuant to Rule 11(c)(1)(C), the Court outlined for Mills the impact of these negotiations, and his ability to withdraw his plea in the event the Court refused to honor these negotiations.   Any deviation from Rule 11 did not impact Mills' substantial rights and was harmless.   Therefore, this issue is submitted under *Anders*, above.

## STANDARD OF REVIEW

### (ARGUMENT II)

18 United States Code Section 3742(c) "limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that 'his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines[.]'" *See United States v. Powell*, 347 Fed.Appx 963, 964 (4th Cir. 2009)(*citing United States v. Sanchez*, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); *United States v. Littlefield*, 105 F.3d 527, 527-28 (9th Cir. 1997)).   Additionally, appellate review of the District Court's imposition of a particular sentence is reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007).   A review of both the procedural and substantive reasonableness of the sentence is required. *Id*. at 51.

14

## II.    MILLS CANNOT DEMONSTRATE THAT THE DISTRICT COURT ABUSED ITS DISCRETION AND IMPOSED AN IMPROPER SENTENCE.

### A. 18 U.S.C. § 3742

As previously outlined herein, the parties negotiated a sentence of one year and one day pursuant to Rule 11(c)(1)(C).  "A Rule 11(c)(1)(C) plea agreement may stipulate that 'a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply[.]' Fed.R.Crim.P. 11(c)(1)(C). '[S]uch a recommendation or request binds the court once the court accepts the plea agreement.' *Id.*" *United States v. Brown*, 653 F.3d 337, 339 (4th Cir. 2011).  The Court accepted Mills' plea agreement, and thus was bound by the contractual sentence.

Review of the instant negotiated sentence is outside of the purview of 18 United States Code Section 3742(c), which "limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that 'his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines[.]'" *See Powell*, 347 Fed.Appx at 964 (*citations omitted*).   Here, Mills' sentence of one year and one day was well within the statutory range of not more than twenty (20) years

15

incarceration.   Furthermore, a Rule 11(c)(1)(C) plea agreement is contractual, and not based upon the guidelines. *See id.* (*citations* omitted).   While *Freeman v. United States*, 131 S.Ct. 2685 (2011), outlined that Rule 11(c)(1)(C) pleas can be based upon the Guidelines, *Freeman* was a case where the defendant sought to benefit from a subsequent Guideline amendment and offense level reduction, thus, procedurally different from what we have in the instant case.[1]   Mills' sentence was proper.

### B. "Reasonableness"

Even if Mills' Rule 11(c)(1)(C) plea were not contractual, and were based upon the Guidelines, the negotiated sentence fell within the advisory Guideline Range for Mills, to which there were no objections. Criminal sentences imposed by the District Court must be "sufficient but not greater than necessary" to serve the purposes outlined in 18 United States Code Section 3553(a). *See Kimbrough v. United States*, 552 U.S. 111 (2007).   A sentence is reviewed on appeal to determine whether it is reasonable. *See Gall*, 552 U.S. at 41. "Reasonableness" has two components: procedural and substantive. *Id.*   "Procedural reasonableness evaluates the method used to determine a defendant's sentence." *See United States v.*

---

[1]The plea agreement in *Freeman* outlined that "[Freeman] agrees to have his sentence determined pursuant to the Sentencing Guidelines." *See United States v. Brown*, 653 F.3d 337, 340 n.2 (4th Cir. 2013)(*citing Freeman*, 131 S.Ct. at 2691).

*Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 United States Code Section 3553(a)]." *Id.* Moreover, the Circuit Court must conclude that the District Court provided a sufficient and individualized explanation for each sentence after considering the arguments of the parties. *See United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). As a part of the plea colloquy, the parties stipulated that the sentence imposed satisfied the factors of 3553(a), and that it was otherwise appropriate. As previously noted, the sentence fell within the advisory Guideline Range, and no objections were noted to this calculation. The District Court also undertook an individualized explanation of the sentence imposed at the Sentencing Hearing. The sentence was reasonable. Therefore, this issue is submitted under *Anders*, above.

## CONCLUSION

In accordance with the requirements of the United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967), appointed counsel for Mr. Mills has reviewed the facts and legal issues of this case and is of the opinion that there are no legal issues that were not properly raised or disposed of by the District Court and

17

that there are no grounds for an appeal in this case.   A copy of this brief has been

served on Mr. Mills via U.S. Mail, and he has been advised of his rights to make a

*pro se* submission to the Court of Appeals.

>Respectfully submitted,
>
>*/s/ Jonathan M. Milling*
>Jonathan M. Milling
>MILLING LAW FIRM, LLC
>1614 Taylor Street, Suite C
>Columbia, South Carolina 29201
>(803) 451-7700 (telephone)
>(803) 451-7701 (facsimile)
>jmm@millinglaw.net
>
>**ATTORNEY FOR BILLY JOHN MILLS, JR.**
>**APPEAL NUMBER: 14-4461**

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 14-4461          **Caption:** US v. Billy John Mills

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓] this brief contains _____3,311_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓] this brief has been prepared in a proportionally spaced typeface using Microsoft Word [*identify word processing program*] in Times New Roman 14 [*identify font size and type style*]; **or**

   [ ] this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) Jonathan M. Milling

Attorney for Billy John Mills

Dated: 9/8/2014

# CERTIFICATE OF SERVICE

I certify that on  9/8/2014            the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Office of the United States Attorney
David Calhoun Stephens
55 Beattie Place
Suite 700
Greenville, SC  29601
(864) 282-2100
david.stephens@usdoj.gov

/s/ Jonathan M. Milling
_____
Signature

9/8/2014
_____
Date